**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| SUSAN FINGER,<br><br>              Plaintiff,<br><br>      v.<br><br>PROVENTION BIO, INC., ASHLEIGH PALMER, AVERY CATLIN, JOHN JENKINS, NANCY WYSENSKI, WAYNE PISANO, and RITA JAIN,<br><br>              Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Susan Finger ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through her counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for her Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Plaintiff against Provention Bio, Inc. ("Provention" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by Sanofi S.A., a French *société anonyme* ("Sanofi").[1]

2. On March 12, 2023, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Sanofi and Zest Acquisition Sub, Inc. ("Purchaser"). The

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

Merger Agreement provides that Provention stockholders will have the right to receive $23.00 in cash per share of Provention common stock, via a tender offer (the "Tender Offer").[2]

3. The Company's corporate directors subsequently authorized the February 2, 2023, filing of a materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC. The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder

---

[2] Purchaser commenced the Tender Offer on March 24, 2023.

[3] The Tender Offer is currently scheduled to expire at one minute after 11:59 p.m., Eastern Time, on April 20, 2023.

pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Provention common stock.

10. Defendant Provention is a Delaware corporation with its principal executive offices located at 55 Broad Street, Red Bank, New Jersey 07701. Provention Bio's shares trade on the Nasdaq Global Select Market under the ticker symbol "PRVB." Provention Bio is a clinical stage biopharmaceutical company focused on the development and commercialization of therapeutics and solutions to intercept and prevent immune-mediated diseases. The Company's product candidates include: (a) PRV-031 teplizumab and monoclonal antibodies ("mAb") that is in Phase III clinical trial for the interception of type one diabetes ("T1D"); (b) PRV-3279, which has completed Phase Ib clinical trial for the treatment of lupus; (v) PRV-101, a coxsackie virus B ("CVB") vaccine for the prevention of acute CVB infections and onset of T1D; and (d) PRV-015, which is in phase IIb clinical trial for the treatment of gluten-free diet non-responding celiac disease. Provention Bio has a license and collaboration agreement with Amgen Inc. for PRV-015, a novel anti-IL-15 monoclonal antibody being developed for the

treatment of gluten-free diet non-responsive celiac disease, and a strategic collaboration with Hangzhou Zhongmei Huadong Pharmaceutical Co., Ltd. to develop and commercialize PRV-3279, a bispecific antibody-based molecule targeting the B cell surface proteins CD32B and CD79B in Greater China.

11. Defendant Ashleigh Palmer is a co-founder of Provention Bio and is and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

12. Defendant Avery Catlin is and has been a director of the Company at all times relevant hereto.

13. Defendant John Jenkins is and has been a director of the Company at all times relevant hereto.

14. Defendant Nancy Wysenski is and has been a director of the Company at all times relevant hereto.

15. Defendant Wayne Pisano has been Chair of the Board and a director of the Company at all times relevant hereto.

16. Defendant Rita Jain is and has been a director of the Company at all times relevant hereto.

17. Defendants identified in paragraphs 11-16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

18. On March 13, 2023, Sanofi and the Company jointly announced in relevant part:

**Paris and Red Bank, N.J. March 13, 2023** Sanofi and Provention Bio, Inc., a U.S.-based, publicly traded biopharmaceutical company focused on intercepting and preventing immune-mediated diseases including type 1 diabetes (T1D),

4

have entered into an agreement under which Sanofi has agreed to acquire Provention Bio, Inc., for $25.00 per share in cash, representing an equity value of approximately $2.9 billion.

The transaction adds an innovative, fully owned, first-in-class therapy in type 1 diabetes to Sanofi's core asset portfolio in General Medicines and further drives its strategic shift toward products with a differentiated profile.  TZIELD (teplizumab-mzwv) was approved in the U.S. last year as the first and only therapy to delay the onset of Stage 3 type 1 diabetes (T1D) in adults and pediatric patients aged 8 years and older with Stage 2 T1D.

The acquisition is a strategic fit for Sanofi at the intersection of the company's growth in immune-mediated diseases and disease-modifying therapies in areas of high unmet need, and its expertise in diabetes.  Sanofi will continue to utilize its capabilities in diabetes to maximize TZIELD's potential as a transformative therapy globally and in the U.S., aiming to delay the onset of Stage 3 type 1 diabetes for some of the approximately 65,000 people diagnosed every year[1]. The purchase builds on an existing co-promotion agreement with Provention Bio that is already delivering TZIELD to patients in need of this immune-mediated therapy.

> *Olivier Charmeil*
> Executive Vice President, General Medicines, Sanofi
> *"The acquisition of Provention Bio builds on Sanofi's mission to deliver best- and first-in-class medicines and resonates with our purpose of chasing the miracles of science for the benefit of people.  By coupling Provention Bio's transformative innovation with Sanofi's expertise, we aim to bring life-changing benefits to people at risk of developing* Stage 3 *type 1 diabetes. Any additional indications, approvals and pipeline assets only serve to further our excitement.  Given our existing partnership and complementary work in the diabetes and immunology spaces, we foresee a seamless integration and execution."*

*TZIELD: First and only treatment indicated to delay onset of Stage 3 T1D*

TZIELD is a CD3-directed antibody indicated to delay the onset of Stage 3 T1D in adults and pediatric patients aged 8 years and older with Stage 2 T1D. Stage 3 T1D is associated with significant health risks, including diabetic ketoacidosis, which can be life threatening, and patients who progress to Stage 3 T1D eventually require insulin injections for life.

TZIELD is also in late-stage clinical development for the treatment of pediatric and adolescent patients that are newly diagnosed with clinical T1D (Stage 3).  A Phase 3 trial, PROTECT, is currently underway and top line results are expected

5

in the second half of 2023. Additional opportunities for TZIELD include re-dosing and formulations as well as new therapeutic indications.

> *Ashleigh Palmer*
> Chief Executive Officer and Co-Founder, Provention Bio, Inc.
> *"Sanofi and Provention Bio share a common vision of bringing new therapies to patients with autoimmune diseases. Under our co-promotion agreement, our companies have made significant progress educating healthcare providers and increasing patient access during the initial U.S. commercial launch of TZIELD. Sanofi's global expertise and commitment to immunology makes them an ideal acquiror and positions our innovative therapy to reach more patients as quickly as possible."*

Provention Bio also brings certain pipeline assets in early development in immune-mediated diseases.

*Transaction Terms*

Under the terms of the merger agreement, Sanofi will commence a cash tender offer to acquire all outstanding shares of Provention Bio, Inc. for $25.00 per share in cash, reflecting a total equity value of approximately $2.9 billion.

The consummation of the tender offer is subject to customary closing conditions, including the tender of a number of shares of Provention Bio, Inc. common stock, that together with shares already owned by Sanofi or its affiliates, represents at least a majority of the outstanding shares of Provention Bio, Inc. common stock, the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, and other customary conditions.

If the tender offer is successfully completed, then following the successful completion of the tender offer, a wholly owned subsidiary of Sanofi will merge with and into Provention Bio, Inc., and all of the outstanding Provention Bio, Inc. shares that are not tendered in the tender offer will be converted into the right to receive the same $25.00 per share in cash offered to Provention Bio, Inc. shareholders in the tender offer. Sanofi plans to fund the transaction with available cash resources. Subject to the satisfaction or waiver of customary closing conditions, Sanofi currently expects to complete the acquisition in the second quarter of 2023.

PJT Partners is acting as exclusive financial advisor to Sanofi and Weil, Gotshal & Manges LLP is acting as its legal counsel. BofA Securities, Inc. and Centerview Partners LLC are acting as financial advisors to Provention Bio, Inc. and Ropes & Gray LLP is acting as its legal counsel.

**The Materially Incomplete and Misleading Solicitation Statement**

19. The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on March 24, 2023. The Solicitation Statement, which recommends that Provention stockholders tender their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts and the analyses that support the fairness opinion provided by the Company's financial advisors, BofA Securities, Inc. ("BofA") and Centerview Partners LLC ("Centerview"); and (b) potential conflicts of interest faced by Company insiders..

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts and the Analyses performed by BofA and Centerview.*

20. The Solicitation Statement fails to disclose material information concerning the Provention's financial forecasts, including Company management's non risk-adjusted projections or the assumptions underlying the risk-adjusted "Management Forecasts."[4]

21. The Solicitation Statement further fails to disclose a summary of Company management's prior projections, including: (a) the long-term strategic plan developed in May 2022; and (b) the "preliminary projections" prepared in January and February 2023 and presented to the committee ("Committee") of the Board on February 10, 2023, as well as the revisions thereto, as presented to the Committee on February 14, 2023 and February 16, 2023.

22. The Solicitation Statement next fails to disclose the line items underlying the

---

[4] *See* Solicitation Statement at 44.

Company's forecasts for: (a) EBIT; and (b) Unlevered Free Cash Flow (excludes NOL usage).[5]

23.     The Solicitation Statement also fails to disclose material information concerning the financial analyses performed by BofA and Centerview.

24.     With respect to the *Discounted Cash Flow Analysis* performed by BofA, the Solicitation Statement fails to disclose: (a) the Company's terminal year cash flows; (b) the Company's terminal values (c) the estimated benefits from the Company's net operating loss carryforwards as of December 31, 2022 and future losses and a research and development tax credit as of December 31, 2022; (d) the Company's net cash as of December 31, 2022; (e) an estimate of cash proceeds net of transaction costs to be received by the Company in connection with future equity financings assumed to occur in 2023 and 2024; and (f) the Company's fully-diluted outstanding shares.

25.     With respect to the *Selected Publicly Traded Companies Analysis* performed by BofA, the Solicitation Statement fails to disclose: (a) the individual multiples and financial metrics for each of the selected companies analyzed by BofA; (b) the Company's calendar year 2026 probability-of-success adjusted ("PoS Adjusted") revenue; and (c) the Company's fully diluted shares outstanding.

26.     With respect to the *Selected Precedent Transactions Analysis* performed by BofA, the Solicitation Statement fails to disclose: (a) the individual multiples and financial metrics for each of the selected companies and transactions analyzed by BofA; (b) the

---

[5] In that regard, the Solicitation Statement further fails to disclose Company management's "estimates of the amount and utilization of certain net operating losses and other tax attributes of the Company prepared by the management of the Company" relied upon by BofA in connection with the financial analyses underlying its fairness opinion. *See id.* at 24.

Company's calendar year 2026 PoS Adjusted revenues; and (c) the Company's fully diluted shares outstanding.

27. With respect to the *Wall Street Analysts Price Targets* analysis performed by BofA, the Solicitation Statement fails to disclose the individual price targets observed; and their sources.

28. With respect to the *Premia Calculations* analysis performed by BofA, the Solicitation Statement fails to disclose the transactions analyzed and the individual premiums observed for each transaction.

29. With respect to the *Discounted Cash Flow Analysis* performed by Centerview, the Solicitation Statement fails to disclose: (a) the Company's terminal year cash flows; (b) the Company's terminal values; (c) the tax savings from usage of the Company's federal net operating losses as of December 31, 2022 and future losses and research and development tax credit as of December 31, 2022; (d) the Company's net cash as of December 31, 2022; (e) the impact of assumed equity raises in 2023 and in 2024; and (f) the Company's fully-diluted outstanding shares.

30. With respect to the *Selected Publicly Traded Companies Analysis* performed by Centerview, the Solicitation Statement fails to disclose: (a) the individual multiples and financial metrics for each of the selected companies analyzed by Centerview; (b) the Company's net cash as of December 31, 2022; and (c) the Company's fully diluted shares outstanding.

31. With respect to the *Selected Precedent Transactions Analysis* performed by Centerview, the Solicitation Statement fails to disclose: (a) the individual multiples and financial metrics for each of the selected companies and transactions analyzed by Centerview;

(b) the Company's net cash as of December 31, 2022; and (c) the Company's fully diluted shares outstanding.

33. With respect to the *Analyst Price Target Analysis* performed by Centerview, the Solicitation Statement fails to disclose the individual price targets observed and their respective sources.

33. With respect to the *Premia Paid Analysis* performed by Centerview, the Solicitation Statement fails to disclose the transactions analyzed and the individual premiums observed for each transaction.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

34. The Solicitation Statement fails to disclose material information concerning Company insiders' potential conflicts of interest, including whether any of Sanofi's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

35. The omission of the above-referenced information renders statements in the "Certain Company Management Forecasts," "Opinions of the Financial Advisors to the Company Board," "Arrangements with Current Executive Officers, Directors and Affiliates of the Company," and "Background and Reasons for the Company Board's Recommendation" sections of the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act.

36. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Provention will be unable to make

a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder

37. Plaintiff repeats all previous allegations as if set forth in full.

38. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting Provention stockholders to tender their shares in the Tender Offer.

39. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

40. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

41. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

42. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

11

43. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

44. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

45. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of Provention, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

46. Plaintiff repeats all previous allegations as if set forth in full.

47. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made,

12

not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

48. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to Provention stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the Company's financial forecasts, the Financial Advisors' financial analyses, and Raymond James and Company insiders' potential conflicts of interest.

49. Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

50. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

51. Plaintiff repeats all previous allegations as if set forth in full.

52. The Individual Defendants acted as controlling persons of Provention within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions

as officers and/or directors of Provention, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

53.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

54.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Solicitation Statement.

55.     In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Solicitation Statement purports to describe the various issues and information that they reviewed and considered – descriptions into which the Company directors had input.

56. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

57. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Provention stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: March 29, 2023

**LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*